Curia, per
O’Neall, J.
I agree with the defendant that the plaintiff could not recover either upon his paper or statutory title against the Kershaw title; but when to the plaintiff’s imperfect title is superadded the fact, that the defendant entered as the plaintiff’s tenant, I think the recovery is right; and that the defendant must go out. For *685 on looking into the very full notes of this case taken by my brother Wardlaw7, I find that Jesse Nettles stated that as far back as he can remember, Spradly lived on the Brennan grant, and cultivated outside of it “to a locust, a little below the cross fence put up by Cantey, to within 10 or 15 steps of the pond.” This shews the claim which was afterwards occupied and extended by Carwell. . It was afterwards called Carwell’s old field, and of it Nettles said he understood it to include all in the field. The field and clearing thus spoken of extended below the pond. The plaintiff bought it at sheriff’s sale, and one of the descriptions given was the Carwell old place. Nettles said he heard defendant say he was tenant of Haile ; and heard him speak of renting the Carwell place from Haile. This was surely enough to authorize the jury in concluding that all the land cleared by Carwell, and passing under the name of his old, place, was rented by the defendant. They have so found. But it is said the jury assigned another reason for their verdict, viz: that the surveyor’s location w7as wrong. This appears from the Judge’s report. But it would be a sufficient answer to this, the defendant takes no such ground of apppeal. If he had, still it could not avail him. For we do not look to the reasons of the jury; we look to their conclusion. If that be right, or be consistent with the law and the facts, in any point of view in which the case presents them, it is enough. The motion is dismissed.
Richardson, Butler, Wardlaw and Frost, JJ. concurred.